CALDWELL LESLIE & PROCTOR, PC
DAVID K. WILLINGHAM, State Bar No. 198874
  willingham@caldwell-leslie.com
JEFFREY M. HAMMER, State Bar No. 264232
  hammer@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

COHEN & GRESSER LLP
LAWRENCE T. GRESSER (admitted *pro hac vice*)
  ltgresser@cohengresser.com
BRETT D. JAFFE (admitted *pro hac vice*)
  bjaffe@cohengresser.com
NATHANIEL P.T. READ (admitted *pro hac vice*)
  nread@cohengresser.com
800 Third Avenue
New York, New York  10022
Telephone: (212) 957-7600
Facsimile (212) 957-4514

Attorneys for THE GOLDMAN SACHS GROUP, INC., GOLDMAN, SACHS & CO., GOLDMAN SACHS MORTGAGE CO., AND GS MORTGAGE SECURITIES CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA *DUCES TECUM* ON WESTERN ASSET MANAGEMENT CO. | Case No. CV 12-04302 SJO (AGRx)<br><br>[Related to *Public Employees' Retirement System of Mississippi v. The Goldman Sachs Group, Inc., et al.*, Case No. 09-CV-1110-HB (S.D.N.Y.)]<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA** |

CALDWELL LESLIE & PROCTOR

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................... 1

II. WESTERN ASSET HAS MISCONSTRUED FED. R. CIV. P. 26(B)(1) ................................................................................................... 2

III. THE DOCUMENTS SOUGHT ARE PLAINLY RELEVANT ..................... 3

IV. CONFIDENTIALITY IS NO BAR TO PRODUCTION ............................... 5

V. CONCLUSION .......................................................................................... 5

CALDWELL LESLIE & PROCTOR

-i-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Standard Inc. v. Pfizer Inc.*,
　828 F.2d 734 (Fed. Cir. 1987) .................................................................................2

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
　649 F.2d 646 (9th Cir. 1980) ...................................................................................2

*Del Campo v. Kennedy*,
　236 F.R.D. 454 (N.D. Cal. 2006) ............................................................................2

*DeMaria v. Andersen*,
　318 F.3d 170 (2d Cir. 2003) ....................................................................................3

*In re Candor Diamond Corp.*,
　26 B.R. 847 (Bankr. S.D.N.Y. 1983) ......................................................................2

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
　574 F. 3d 29 (2d Cir. 2009) .....................................................................................4

*In re Zyprexa Inj.*,
　474 F. Supp. 2d 385 (E.D.N.Y. 2007) .....................................................................5

*Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*,
　1994 WL 9690 (S.D.N.Y. Jan. 13, 1994) ................................................................2

*Jones v. McMahon*,
　2007 WL 2027910 (N.D.N.Y. July 11, 2007) .........................................................2

*Laxalt v. McClatch*,
　116 F.R.D. 455 (D. Nev. 1986) ...............................................................................2

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
　272 F.R.D. 160 (S.D.N.Y. Jan. 18, 2011) ....................................................... 1, 3, 5

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
　2012 WL 1481519 (2d Cir. Apr. 30, 2012) .............................................................1

*Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*,
　71 F.R.D. 388 (N.D. Cal. 1976) ..............................................................................2

*SEC v. Seahawk Deep Ocean Tech., Inc.*,
　166 F.R.D. 268 (D. Conn. 1996) .............................................................................2

*Shoen v. Shoen*,
　5 F.3d 1289 (9th Cir. 1993) .....................................................................................2

*Solarex Corp. v. Arco Solar, Inc.*,
　121 F.R.D. 163 (E.D.N.Y. 1988) ............................................................................2

CALDWELL LESLIE & PROCTOR

-ii-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

**STATUTES**

15 U.S.C. § 77k(a) ................................................................................................ 3

15 U.S.C. § 77m .................................................................................................... 3

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed R. Civ. P. 23(b)(3) .......................................................................................... 4

Fed. R. Civ. P. 26(b)(1) ..................................................................................... 2, 3

Fed. R. Civ. P. 45(c)(1) .......................................................................................... 2

CALDWELL
LESLIE &
PROCTOR

-iii-

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY
WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

Defendants submit this Supplemental Memorandum in Support of their Motion to Compel non-party Western Asset Management Co. ("Western Asset") to comply with a subpoena issued out of this Court (the "Subpoena") in connection with *Public Employees' Retirement System of Mississippi v. The Goldman Sachs Group, Inc., et al.,* Case No. 09-CV-1110-HB (S.D.N.Y.) (the "Action"), a putative class action involving residential mortgage-backed securities ("RMBS"). Western Asset is an asset manager for clients in the putative class that invested in the RMBS securities relevant to the Action, and its knowledge of the mortgage market and origination practices is accordingly relevant to Defendants' defenses and class certification issues.

## I.   INTRODUCTION

The only disputed aspect of the Subpoena relates to the entirely mechanical request for production of documents previously produced, and a transcript of the testimony already provided, by Western Asset in another class action referred to in the Joint Stipulation as *RALI/Harborview*.[1] *RALI/Harborview* involves materially similar claims to, and is pending before the same judge as, the Action, and the disputed documents and transcript are probative of the investor "knowledge" issue and other issues central to the defense of the Action because in both cases Western Asset managed accounts for clients in the putative classes and Western Asset's knowledge is imputed to those putative class members. Western Asset does not dispute that it has at hand the materials it objects to producing and that production would impose no burden whatsoever.

Instead, Western Asset offers three justifications for avoiding production. Each of these arguments is entirely without merit, as shown below.

---

[1] *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, 272 F.R.D. 160, 168-70 (S.D.N.Y. Jan. 18, 2011), *aff'd*, No. 11-1683, 2012 WL 1481519 (2d Cir. Apr. 30, 2012) (summary order).

CALDWELL LESLIE & PROCTOR

-1-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

## II. WESTERN ASSET HAS MISCONSTRUED FED. R. CIV. P. 26(B)(1)

First, Western Asset incorrectly asserts that even absent burden, non-party discovery is subject to a higher relevance standard than party discovery. *See* Joint Stip. at 14. To the contrary, Fed. R. Civ. P. 26(b)(1) applies the same standard of discovery for both parties and non-parties – material "reasonably calculated to the discovery of admissible evidence." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). Western Asset's own authority demonstrates that uniform standard. Joint Stip. at 13-14, citing, *inter alia*, *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 742 (Fed. Cir. 1987) (applying Fed. R. Civ. P. 26(b)(1) to non-party subpoena); *In re Candor Diamond Corp.*, 26 B.R. 847, 849 (Bankr. S.D.N.Y. 1983) ("no distinction between information in the hands of parties and information in the possession of non-parties").[2]

Western Asset's cited authority actually stands for a different, and wholly undisputed, proposition: courts are required to protect non-parties from undue *burden*. *See* Fed. R. Civ. P. 45(c)(1); *Del Campo v. Kennedy*, 236 F.R.D. 454, 457-58 (N.D. Cal. 2006) (court may balance relevance with potential hardship); *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, No. 92 Civ. 9264 (MGC), 1994 WL 9690, at *2 (S.D.N.Y. Jan. 13, 1994) (applying traditional relevance standard but holding that undue burden may not be imposed on non-party).[3] But

---

[2] *See also SEC v. Seahawk Deep Ocean Tech., Inc.*, 166 F.R.D. 268, 271 (D. Conn. 1996) (applying Fed. R. 26(b)(1) standard); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 170 (E.D.N.Y. 1988) (same); *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D. Cal. 1976) (same); *Jones v. McMahon*, No. 98-CV-0374 (FJS/GHL), 2007 WL 2027910, at *13 (N.D.N.Y. July 11, 2007) (same).

[3] *Laxalt v. McClatch*, 116 F.R.D. 455, 457 (D. Nev. 1986), is predicated on wholly different facts. The primary authority cited by the *Laxalt* Court simply held that a general release governing the subject matter of later discovery operated to bar that discovery. *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 650 (9th Cir. 1980). In any event, *Laxalt* (a 25-year old District of Nevada case) is rendered largely inconsequential, if not wholly anachronistic, by the dozens of subsequent cases holding that the same relevance standard applies to party and non-party discovery.

CALDWELL LESLIE & PROCTOR

-2-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

here, all of the materials sought were previously produced in electronic form in *RALI/Harborview,* and Western Asset does not and cannot assert that the production would impose any burden at all.

### III. THE DOCUMENTS SOUGHT ARE PLAINLY RELEVANT

Second, Western Asset argues that the documents at issue are not dispositive of any defense asserted in the Action, and on that basis need not be produced. Joint Stip. at 15-17. But that is not the test; as described above, documents are discoverable as long as they are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The relevance of the documents at issue is the same as plainly articulated by the *RALI/Harborview* Court.

*First*, the materials sought are probative of investor knowledge. Class members cannot recover on their claims if they (or their investment advisors) knew about the alleged false statements when they purchased the Certificates. 15 U.S.C. § 77k(a); *DeMaria v. Andersen*, 318 F.3d 170, 175 (2d Cir. 2003). Western Asset was responsible for the discretionary purchase of more than $120 million of the Certificates for numerous managed accounts and, as the *RALI/Harborview* Court noted, Western Asset's knowledge of the mortgage market, loan origination practices, and appraisal standards is imputed to its investor clients. 272 F.R.D. at 168-69. Any minimal burden that might be imposed on Western Asset should be balanced against the fact that the materials sought are essential to Defendants' ability to defend against claims held by Western Asset's clients arising from the $120 million of Certificates purchased.

*Second,* the materials sought are probative of Defendants' statute of limitations defense. Class members' claims are barred if they were made more than a year after they discovered the alleged untrue statements or omissions or should have discovered those facts "by the exercise of reasonable diligence." 15 U.S.C. § 77m. The timing by which Western Asset gained knowledge of underwriting guidelines and alleged deteriorations in those guidelines may serve to bar the claims

CALDWELL
LESLIE &
PROCTOR

-3-

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY
WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

arising from the over $120 million of Certificates purchased by Western Asset and may also be relevant to the question of when a reasonable investor should have discovered these facts, with obvious implications for the other claims in the Action.

*Third*, the materials sought are relevant to the potential decertification of the class. Documents showing Western Asset's knowledge are reasonably likely to lead to evidence that individual issues of knowledge and individual statute of limitations defenses predominate among class members in the Action, just as they predominated in *RALI/Harboview* in which class certification was denied (partly because of Western Asset's knowledge). Fed R. Civ. P. 23(b)(3). Defendants anticipate that the requested discovery will show that there are no material differences between *RALI/Harboview* and the Action for purposes of class certification, and access to the *RALI/Harborview* record is essential to making that showing. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F. 3d 29, 37 (2d Cir. 2009) (class may be decertified or modified following discovery).[4]

Although Western Asset seeks to minimize the *RALI/Harborview* Court's discussion of the evidence provided by Western Asset as "confined to a paragraph," in fact *RALI/Harborview*'s discussion of Western Asset was more extensive than that for any other investor, and contrary to Western Asset's claim, was not limited to any particular security or originator. The Court instead relied upon documents showing that it was Western Asset's "regular practice for its analysts to meet with

---

[4] Western Asset's suggestion that it need not produce the materials at issue because Defendants have refused to produce "documents relating to mortgage pass-through securities, mortgage originators and underwriters" not involved in the Certificates at issue (Joint Stip. at 6-7) is a red herring. First, subsequent to the formal objections cited by Western Asset, Defendants agreed to produce numerous categories of documents unrelated to the Certificates. Second, the materials sought from Western Asset are independently relevant as they formed the basis for a parallel court decision on the exact same issues presented here. Defendants have been forced to argue to the District Court and Second Circuit – and continue to argue – that the facts in the instant case and *RALI/Harborview* are substantially similar without the benefit of the documents necessary to support that assertion. Absent Western Asset's production, Defendants will continue to suffer that prejudice.

CALDWELL LESLIE & PROCTOR

-4-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

1  *mortgage originators*" in order "to understand what *their underwriting guidelines*
2  *were . . .*" *RALI/Harborview*, 272 F.R.D. at 169 (emphasis supplied, quoting
3  Western Asset deposition testimony).  The Court noted the relevance of the fact that
4  Western Asset "'would have wanted to understand' whether *originators* made 'any
5  exceptions to their underwriting guidelines,'" and also cited Western Asset's
6  knowledge of alleged deterioration in underwriting standards (again, not confined to
7  any originator at issue in that case).  *Id.* (emphasis supplied, quoting Western Asset
8  deposition testimony and documents).  Western Asset's broad knowledge of
9  mortgage origination practices is equally relevant in the Action as well, because
10 both cases involve substantially identical allegations of widespread deterioration in
11 loan underwriting practices.

12 **IV.  CONFIDENTIALITY IS NO BAR TO PRODUCTION**

13       Finally, Western Asset argues that the "existence of a protective order is no
14 guarantee" that the confidentiality of the documents at issue will be maintained.
15 Western Asset's sole authority, *In re Zyprexa Inj.*, 474 F. Supp. 2d 385, 392-93
16 (E.D.N.Y. 2007), is wholly inapposite.  There, a retained expert and others
17 intentionally disclosed confidential information in knowing violation of the Court's
18 protective order.  *Id*.  Here, Western Asset has absolutely no factual basis to suggest
19 that counsel or anyone else would violate the Protective Order in the Action.
20 Moreover, Defendants have offered to minimize Western Asset's concerns by first
21 reviewing the disputed materials on an "Attorneys' Eyes Only" basis and only
22 designating selected materials for production based on that initial review.  That
23 review might reduce, if not eliminate, the need for Western Asset to produce
24 sensitive client information, particularly materials related to customers not involved
25 in the purchase of the Certificates.  Western Asset rejected that offer.

26 **V.  CONCLUSION**

27       For the foregoing reasons and those identified in the Joint Stipulation,
28 Defendants' Motion to Compel should be granted.

CALDWELL
LESLIE &
PROCTOR

-5-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY
WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA

| | | |
|---|---|---|
| 1 | DATED: June 5, 2012 | Respectfully submitted, |
| 2 | | |
| 3 | | CALDWELL LESLIE & PROCTOR, PC |
| | |    DAVID K. WILLINGHAM |
| 4 | |    JEFFREY M. HAMMER |

DATED: June 5, 2012

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
   DAVID K. WILLINGHAM
   JEFFREY M. HAMMER


By      /s/
   DAVID K. WILLINGHAM

COHEN & GRESSER LLP
   LAWRENCE T. GRESSER
   BRETT D. JAFFE
   NATHANIEL P.T. READ

Attorneys for THE GOLDMAN SACHS GROUP, INC., GOLDMAN, SACHS & CO., GOLDMAN SACHS MORTGAGE CO., AND GS MORTGAGE SECURITIES CORP.

CALDWELL LESLIE & PROCTOR

-6-

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD-PARTY WESTERN ASSET MANAGEMENT CO. TO COMPLY WITH RULE 45 SUBPOENA