# EXHIBIT A

1    Western Asset Management Company ("Western Asset") respectfully submits

2   this supplemental memorandum pursuant to L.R. 37-2.3, in opposition to the motion to

3   compel served in connection with the *MissPERS* action, pending in the Southern District

4   of New York ("Action").

5

6   **I.    DISCOVERY IN THIS ACTION SHOULD BE JUDGED ON ITS**
        **RELEVANCE TO THIS ACTION, NOT THE *HARBORVIEW***
7       **ACTION**

8        The sole dispute concerns Western Asset's document production and deposition

9   transcript in another lawsuit ("*Harborview*").  The moving party must affirmatively

10  show a need to have discovery from another action and the availability of discovery in

11  the party's own action generally disproves any such need.  *See Union Carbide Corp. v.*

12  *Filtrol Corp.*, 278 F. Supp. 553, 558 (C.D. Cal. 1967).[1]  Simply put, Defendants'

13  purported need for the *Harborview* discovery in this Action is frivolous.

14       Defendants' reliance on Western Asset's purchases of "RMBS" in both this

15  Action and Harborview is nothing more than a misleading gloss on the particularized

16  nature of the transactions in the respective cases.  (Joint Stip. at 4-5.)  The process of

17  securitizing residential mortgages is immensely complex, as many courts recognize.[2]

18  Securitizations involve different actors, different contracts defining the rights and duties

19  of the parties, different underwriting standards and practices, and different credit

20  enhancements and other protections.  Loan pools also differ with respect to the

21  proportions of full-documentation loans, second-liens, adjustable rate mortgages, and

22

---

23  [1]  *See also Herrick v. Barber Steamship Lines, Inc.*, 41 F.R.D. 51, 52 (S.D.N.Y. 1966)
    (party requesting production of witness statements failed to show need because witness
24  was available for deposition); *Tandy & Allen Const. Co. v. Peerless Cas. Co.*, 20 F.R.D.
    223 (S.D.N.Y. 1957) (same).
25
    [2]  *See e.g., In re Lehman Bros. Mortgage-Backed Sec. Litig.*, 650 F.3d 167, 171 (2d Cir.
26  2011) and *Greenwich Fin. Serv. Distressed Mortg. Fund 3 LLC v. Countrywide Fin.*
    *Corp.*, 603 F.3d 23, 25 (2d Cir. 2010).  As set forth in these cases, the securitization
27  process sequentially involves mortgagors, appraisers, originators, sponsors, depositors,
    issuing trusts, servicers and underwriters—none of whom were the same for the
28  securitizations involved in *Harborview* and this Action.

1  class certification in *RALI/Harborview* and this Action. (Joint Stip. at 11.) The court in
2  *MissPERS II*, however, expressly rejected Defendants' attempt to invoke the court's
3  findings of fact in *Harborview*, including findings regarding Western Asset, in
4  opposition to class certification in this Action. *MissPERS II* at *6-8. The court noted
5  Defendants' reliance on the *RALI/Harborview* decision and opined to the contrary over
6  the next two pages, culminating with the statement that the evidence must concern "the
7  specific offerings at issue" in this Action, not extrapolations or generalizations from the
8  facts of *RALI/Harborview*. *Id.* at *7.

9       The highly attenuated relationship of the *Harborview* discovery to the issues in
10  this Action do not approach the standard necessary to justify production of confidential
11  materials in another litigation. *See, e.g. Olympic Refining Co. v. Carter*, 332 F.2d 260
12  (9th Cir. 1964) (treble-damage antitrust suit regarding identical conduct and defendants
13  as prior Government antitrust suit); *Kraszewski v. State Farm General Ins. Co.*, 139
14  F.R.D. 156, 160 (N.D. Cal. 1991) (employment discrimination class actions regarding
15  same employer, same issues and related actions).

16       Western Asset has already agreed to produce any documents that are responsive
17  to Defendants' other requests that happen to have been produced in the *Harborview*
18  production—that is, requests which relate to this Action. (Joint Stip. at 6.) Western
19  Asset also offered to search its *Harborview* production and deposition transcript and
20  produce any documents or testimony referencing Defendants, the securities at issue in
21  this Action, and the mortgage originator and underwriter involved in this Action. *Id.*

22  **II.  DEFENDANTS MISCHARACTERIZE THE BURDEN ON
23  WESTERN ASSET ASSOCIATED WITH PRODUCTION OF THE
    *HARBORVIEW* DISCOVERY**

24       Defendants' argument that Western Asset's burden is minimal because the
25  *Harborview* discovery is "easily available" grossly mischaracterizes the actual burden to
26  Western Asset posed by Request no. 7.

27       Since the collapse of the mortgage industry, a substantial number of class actions
28  have been filed regarding RMBS securitizations. Since its production in *Harborview*,

1  production is necessary to this Action.

2  Also, some courts permit discovery *about* absent class members while prohibiting

3  discovery *on* absent class members.  *See Facciola v. Greenberg Traurig LLP*, 2011 WL

4  5244945 (D. Ariz. Nov. 3, 2011) (permitting discovery on the named plaintiff's financial

5  advisor, who had sold securities to other class members as well as the plaintiff).

6  Defendants' discovery here of Western Asset—an absent class member's agent and

7  investment manager—is tantamount to discovery directly on the class member.

8  Defendants are seeking sensitive and confidential financial information of a single

9  absent class member without providing any particulars whatsoever regarding the

10  information's relevance to the securities at issue in this Action.[5]  In other words,

11  Defendants are singling out one particular absent class member to harass by seeking to

12  compel its confidential information.

13  **IV.   CONCLUSION**

14  For the foregoing reasons, Defendants' motion to compel should be denied.

15

16  DATED: June 5, 2012.                          HIRSCHMANN LAW GROUP
                                                   A Professional Corporation
17                                                 RALPH F. HIRSCHMANN
                                                   BELINDA M. VEGA

18
                                                   By:   /s/ Ralph F. Hirschmann
19                                                     Ralph F. Hirschmann
                                                       Attorneys for Third Party
20                                                     WESTERN ASSET MANAGEMENT
                                                       COMPANY
21

22

23

24

25

26  ---
    [5] Western Asset's production in *Harborview* consisted overwhelmingly of documents
27  specific to that particular plaintiff, such as its monthly portfolio reports, its investment
    management contract documents, and Western Asset's presentations customized for it,
28  covering a three-year period, copies of which were also in possession of the client.